## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made as of March, 2025, by and between Drew M. Dillworth as the Chapter 7 Bankruptcy Trustee (the "Trustee") of the Bankruptcy Estate of MB Group Entertainment Corp. as party of the first part, and Miguel Angel Mendiola ("Mediola") as party of the second part. Both the Trustee and Mendiola are hereinafter collectively referred to as the "Parties" or "parties".

## RECITALS

This Settlement Agreement is made with respect to the following facts:

A. MB Group Entertainment Corp (the "Debtor") filed a voluntary Chapter 7 bankruptcy petition (the "Petition") on or about May 4th, 2023 (the "Petition Date"), commencing Bankruptcy Case No. 23-13524-LMI (the "Bankruptcy Case").

B. After the Petition Date, the Trustee commenced a due diligence process, which included employment of legal counsel, James B. Miller, Esq., to the Trustee to research, review and analyze the pre-petition financial history and transactions of the Debtor.

C. As part of this due diligence, the Trustee determined that Mendiola received, directly or indirectly, the sum of $200,000.00 (the "Transfer") in an avoidable transfer of Debtor's property arising out of the transfer from the Debtor's bank account of $200,000.00 on or about March 30, 2022, which made its eventual way to or for the benefit of Mendiola.

D. The Trustee has been investigating the Transfer and other matters by was of obtaining third party discovery.

E. In the interim, Mendiola has offered, and the Trustee has accepted, subject to Bankruptcy Court approval, to enter into this Settlement Agreement resolving the Transfer; and, the Parties expressly acknowledge that this Settlement Agreement is entered into by way of compromise and settlement.

F. The Parties hereto, in entering into this Settlement Agreement, desire to fully and finally resolve all controversies between them relating to the Transfer.

## TERMS

NOW, THEREFORE, in consideration of the foregoing facts, and the terms and conditions set forth herein, the Parties hereto agree as follows:

1. It is hereby stipulated that each of the facts outlined in the recitals above are incorporated herein by reference.

2. Mendiola agrees to pay the total sum of One Hundred and Twenty-Five Thousand Dollars (**$125,000.00**) (the "Settlement Sum") to the Trustee in settlement of the Transfer identified above.

3. The Settlement Sum shall be paid to the Trustee (**Drew M. Dillworth as Chapter 7 Trustee and delivered to 150 W Flagler St., Suite 2200, Miami, FL 33130**), in ten (10) equal monthly installments of $12,500.00 commencing on or before April 10, 2025, and continuing thereafter on the fifteenth (15th) day of each continuous subsequent month until paid in full, *i.e.*- subsequent payments on or before May 10, June 10, July 10, August 10, September 10, October 10, November 10 and December 10, 2025, and a final payment of $12,500.00 on or before January 10, 2026. Absent timely payment of the Settlement Sum and any monthly installment set forth above, a material default shall be deemed to have taken place; and, after three (3) business days' notice (the "Cure Period") sent to Mendiola's attorney, Robert Bigge, Esq. at **robert@biggerodriguez.com**, with the right to cure within the Cure Period, a material uncured default shall be deemed to have taken place and the Trustee shall be entitled to obtain, on an *ex parte* basis, upon the filing of a notice of noncompliance and separate *ex parte* motion, such orders/judgments from the Bankruptcy Court for the defaulted sum of $400,000.00 (less any payments made hereunder), for which sum execution shall issue forthwith, and such other relief the Bankruptcy Court deems appropriate.

4. Mendiola herein waives any and all claims in the Bankruptcy Case, of any nature or sort, known or unknown, discoverable or not (including, but not limited to: any pre-petition, post-petition and/or 11 U.S.C. §502(h) claims); and, upon timely payment of the Settlement Sum and entry of a final non-appealable order approving this Settlement Agreement by the Bankruptcy Court, the Trustee will have then be deemed to have waived and released any and all claims of any nature or sort, known or unknown, discoverable or not, as and against Mendiola arising out of or relating to the Transfer, other than the terms and obligations of this Settlement Agreement and any orders arising therefrom or related thereto. However, this Settlement Agreement and any order arising out of or relating thereto shall not affect or otherwise release any parties in any of the other already-filed yet-to-be filed adversary proceedings in the Bankruptcy Case. The terms, obligations, rights and conditions of this Settlement Agreement shall survive any orders relating thereto and the releases contemplated herein.

5. The terms of this Settlement Agreement are subject to Bankruptcy Court approval in the Bankruptcy Case as may be required pursuant to the Bankruptcy Code and Rules. The Trustee agrees to file such stipulations, dismissals, and motions to compromise as required by the Bankruptcy Court and seek to obtain any such approvals.

6. Nothing in this Settlement Agreement shall be deemed to be: (i) a release or waiver of the obligations and rights of the Parties hereto arising out of this Settlement Agreement and/or orders relating thereto; nor (ii) any adversary proceedings. All obligations herein shall survive the approval of this Settlement Agreement.

2

7.  Should the Court deny approval of this Settlement Agreement, this Settlement Agreement shall be null and void and the Trustee shall then return the Settlement Sum (or any part thereof) if already remitted, to Mendiola within fifteen (15) days of any such denial.

8.  The Parties hereby acknowledge that they have had the full opportunity to be represented by independent legal counsel of their own choice, throughout all the negotiations that preceded the execution of this Settlement Agreement, and for purposes of understanding and being fully informed of the contents herein and the legal obligations herein, and they have executed this Settlement Agreement with or without said advice, and without reliance upon any promise or representation of any person or persons acting for or on behalf of the Trustee except as expressly set forth in this Settlement Agreement. The Parties further acknowledge that they or their respective legal counsel have had adequate opportunity to make whatever investigation or inquiry they may deem necessary or desirable in connection with the subject matter of this Settlement Agreement prior to the execution of this Settlement Agreement. The Parties have read and approved the language of this Settlement Agreement.

9.  The United States Bankruptcy Court, Southern District of Florida, in the Bankruptcy Case shall retain sole and exclusive jurisdiction over the Parties hereto, this Settlement Agreement and any order(s) arising therefrom and any disputes relating thereto.

10. The release(s) set forth in this Settlement Agreement are strictly subject to compliance with the terms of this Settlement Agreement and do not create a waiver of any rights under this Settlement Agreement as any and all rights and obligations under this Settleement Agreement shall survive any release(s) between the Parties.

11. The language of this Settlement Agreement shall be construed as a whole according to its fair meaning and not strictly for or against any of the Parties.

12. This Settlement Agreement may be executed in counterparts which, taken together, shall constitute one and the same agreement and shall be effective as of the date first written above. A facsimile or electronic signature shall be deemed an original for all purposes.

13. This Settlement Agreement (including the Garnishment Waiver and the Tolling Agreement, *see below*) constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior negotiations and agreements, written or oral. This Settlement Agreement may not be altered or amended except by an instrument in writing executed by all of the Parties hereto.

15. Each of the undersigned Parties hereby certify that they have read this entire Settlement Agreement and fully understand it and agree to be bound thereby.

**THE PARTIES (MENDIOLA AND TRUSTEE) HAVE READ THE FOREGOING (and the Garnishment Waiver and Tolling agreement, both of which are incorporated herein in their**

entirety) AND AGREE TO THE TERMS, CONDITIONS, AND STATEMENTS MADE THEREIN AND HAVE HAD THE OPPORTUNITY TO HAVE THIS MATTER REVIEWED BY LEGAL COUNSEL PRIOR TO EXECUTING THE SAME.

Date: 3/18/25

Drew M. Dilworth, as Trustee

Date: 3/13/25

Miguel Angel Mendiola

## GARNISHMENT WAIVER

**MIGUEL ANGEL MENDIOLA further consents to the issuance of continuing writs of garnishment or attachment against disposable earnings, in accordance with Sect. 222.11 of the Florida Statutes, in order to satisfy, in whole or in part, any money judgment entered in favor of the Bankruptcy Trustee in any matter, including, but not limited to, the above-referenced Bankruptcy Case.**

Date: 3/13/25

Miguel Angel Mendiola

## TOLLING AGREEMENT

1. The effective date of this Agreement is March 10, 2025, (the "Effective Date"). The agreed tolling period commences on the Effective Date and expires sixty (60) days following the filing of a Notice of Compliance by the Trustee in the Bankruptcy Case acknowledging the payment in full and receipt of the Settlement Sum contemplated in the Settlement Agreement (the "Tolling Period").

2. The Parties expressly stipulate, covenant, and agree that forbearance by Trustee from commencing litigation against Mendiola in executing this Agreement is good and adequate consideration for the stipulations, covenants, and agreements contained in this Agreement.

3. The Parties expressly stipulate, covenant, and agree that the running of any and all statutes of limitations, statutes of repose, laches periods, or other time deadlines (whether statutory, equitable, contractual, or otherwise, including, without limitation, 11 U.S.C. §§ 108, 544, 546, 547, 548, 549 and 550 and applicable state and/or federal law) relating to any and all claims and causes of the Trustee and/or the Bankruptcy Estate in the Bankruptcy Case against Mendiola and his relatives and affiliates (entities and persons) are hereby tolled during the Tolling Period.

4. Mendiola stipulates, covenants, and agrees that he shall not assert as a defense to any of the Claims or Causes asserted by Trustee, that any such Claims or Causes are barred, in whole or in part, by laches, waiver, estoppel, or by the expiration of any applicable limitations or repose period or by any other time-related defense, except to the extent that such defense is based on time periods.

5. By entering into this Agreement, Trustee specifically reserves and does not waive any of his rights, claims, causes and remedies against Mendiola arising from any and all claims or causes and/or the Transfer.

6. Each of the Parties mutually warrant and represent that, prior to the execution of this Agreement: (a) each of them has thoroughly read this Agreement and conducted an independent and thorough investigation of all pertinent facts; (b) each of them has thoroughly informed himself or itself of the terms,

4

consents, conditions and effects of this Agreement; (c) each of them has obtained the advice and benefit of counsel of its own choosing; (d) no representations of any kind have been made to it by or on behalf of any of the Parties other than as expressly set forth in this Agreement; and (e) each of them thereafter elected knowingly and voluntarily to execute and enter into this Agreement.

7. Each of the Parties stipulates, agrees and warrants that: (a) the terms, extent, and duration of this Agreement are reasonable; (b) they will not challenge or contest in any way the capacity or the authority of any Party hereto to make the agreements, covenants, waivers, stipulations, and warranties herein set forth; (c) the person or persons, including any attorney on behalf of a Party, executing this Agreement on behalf of each Party has the necessary and appropriate authority and capacity to execute this Agreement and to make this Agreement binding upon and enforceable against that Party; and (d) the consideration for this Agreement is mutual and adequate.

8. This Agreement shall be binding upon and inure to the benefit of the undersigned Parties and their respective current, former, and future partners, members, lawyers, predecessors, shareholders, officers, directors, employees, agents, trustees, managers, representatives, successors, and assigns.

9. This Agreement may be executed in any number of counterparts and by the Parties in separate counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same document and electronic signature shall have the same effect as an original signature.

10. Each Party represents and warrants as to himself/itself that the Agreement has been duly authorized, and is a legal, valid and binding obligation of such Party.

Date: 3\1\25

Drew M. Dillworth as Trustee

Date: 3/13/25

Miguel Ángel Mendiola

5